UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEKWAY INC., <br><br> Plaintiff, <br><br> v. <br><br> AT&T SERVICES, INC., <br><br> Defendant. | No. 20 C 4095 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Tekway alleges that AT&T tortiously interfered with certain employment contracts and relationships. AT&T has moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim pursuant to Rule 12(b)(6). R. 12. The Court finds it has personal jurisdiction over AT&T but grants in part and denies in part the motion to dismiss for failure to state a claim.

**Legal Standard**

"A complaint need not include facts alleging personal jurisdiction. However, once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When the court rules on the motion without a hearing, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id.* The Court reads "the complaint liberally, in its entirety, and

with every inference drawn in favor" of the plaintiff to determine whether it has set forth a prima facie case for personal jurisdiction. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 877-78 (7th Cir. 2006). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783.

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard,

the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

Tekway is a staffing company that has contracted employees to AT&T since the 1990s. R. 1 ¶ 21. Beginning in 2014, Tekway staffed AT&T positions through a third-party called Pinnacle. *Id.* In other words, Tekway no longer has a direct contractual relationship with AT&T, but instead has staffing contracts with Pinnacle, which in turn has contracts providing Tekway employees to AT&T. Many of the people staffed with AT&T through Tekway and Pinnacle require visas to work in the United States.

According to Tekway, two of its employees staffed with AT&T—Illinois residents Gopi Krishna Potla and Sandeep Kumar Davuluri—became unhappy with their compensation. Tekway alleges that AT&T and Pinnacle managers helped Potla and Davuluri find an alternative staffing company that would pay them more but allow them to continue to work with Pinnacle and AT&T. According to an affidavit submitted by Tekway's CEO, Puvan Kumar, AT&T manager Denise Perez communicated with Potla and Davuluri while they were in Illinois. *See* R. 18-1. Perez also traveled to Illinois to meet with Potla and Davuluri during the relevant time period. *See id.* ¶ 15. The assistance AT&T and Pinnacle provided to Potla and Davuluri included representing to the United States government that Potla and Davuluri were already employed by a new staffing company when in fact they were

3

still employed by Tekway. R. 1 ¶ 44. AT&T delivered this government paperwork to Potla and Davuluri in Illinois.

When Tekway discovered this activity, it terminated its contract with Pinnacle, although Tekway was contractually obligated to continue to permit its employees already staffed with AT&T and Pinnacle to complete the terms of their staffing contracts. Tekway alleges that AT&T and Pinnacle continued to attempt to convince these remaining employees to leave Tekway by threatening them with loss of their AT&T assignments if they did not leave Tekway. *See* R. 1 ¶ 50. These actions allegedly caused additional Tekway employees Kruthika Agarwal and Vishal Burra to leave their employment with Tekway. *Id.* ¶ 53. Tekway brings claims for tortious interference with contract and tortious interference with prospective advantage and business relationships based on AT&T's alleged disruption of Tekway's employment relationships with Potla, Davuluri, Agarwal, and Burra.

## Analysis

### I. Personal Jurisdiction

"The primary focus of [a court's] personal jurisdiction inquiry is the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017). The defendant must have "sufficient minimum contacts" with the forum State so that "maintenance of the suit [there] does not offend traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

4

Specific personal jurisdiction (as opposed to general personal jurisdiction which is not relevant here) requires: "(1) the defendant [to] have . . . purposefully directed his activities at the state; [and] (2) the alleged injury [to] have arisen from the defendant's forum-related activities." *Id.* In other words, the defendant's intentional and allegedly tortious conduct must be "expressly aimed" at the forum state "with knowledge that its effects would be felt in the forum state." *Id.* at 674-75. However, mere foreseeability that the alleged tortious conduct might cause harm to the plaintiff in the forum state because the plaintiff is located there is insufficient to show the defendant purposefully directed his activities at the forum state. *See Walden v. Fiore*, 571 U.S. 277, 289 (2014) ("This approach to the "minimum contacts" analysis impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis."). Rather, there must be a "relationship among the defendant, the forum, and the litigation" that is independent of the mere fact that the plaintiff suffered harm in the forum state. *Id.* at 284.

Here, AT&T's communications with Illinois residents through email, phone, and in-person meetings when viewed in the aggregate are sufficient to establish the minimum contacts with Illinois required for specific personal jurisdiction. Tekway alleges that AT&T, through its manager Denise Perez, communicated through email and over the phone with Tekway's employees Potla and Davuluri (both Illinois residents) about their employment issues with Tekway. *See* R. 18-1 ¶ 14. Perez also traveled to Illinois and met with Davuluri and Potla to discuss their plan to change employers. *See id.* ¶ 15. Additionally, AT&T sent documents to Potla and Davuluri in

5

Illinois necessary for them to change employers. *See id.* ¶ 16. By sending communications to Illinois and visiting Illinois, AT&T (through its agent) expressly aimed its conduct at Illinois. AT&T knew that the Tekway employees were located in Illinois when it communicated with them an visited them. And Tekway's claims arise out of the actions AT&T directed toward Illinois. Thus, these actions are sufficient to establish personal jurisdiction over AT&T in Illinois for purposes of Tekway's claims.

In its reply, AT&T disputes factual assertions made in the affidavit of Tekway's CEO, Kumar, contending that they are not supported by personal knowledge. *See* R. 19 at 6. AT&T argues that Kumar's statements are hearsay based on information obtained in related litigation in Texas. Kumar's statements may be hearsay, but the Court finds it highly plausible that this information is accurate, considering Kumar's position as Tekway's CEO and his relationships with the relevant Tekway employees and AT&T and Pinnacle managers, and AT&T admission that the information was revealed in other litigation. Indeed, AT&T does not dispute the veracity of Kumar's assertions, and in assessing personal jurisdiction, the Court need not "address the admissibility of [statements in a plaintiff's affidavit] [unless] they are controverted by evidence submitted by Defendants." *See Receivership Mgmt. v. AEU Holdings, LLC*, 2019 WL 4189466, at *6 (N.D. Ill. Sep. 4, 2019). Furthermore, most courts have found that hearsay is properly considered in determining whether a plaintiff has established a prima facie case of personal jurisdiction. *See Philips Med. Sys. (Cleveland), Inc. v. Buan*, 2021 WL 83736, at *4 (N.D. Ill. Jan. 11, 2021). Thus, it is proper to consider Kumar's affidavit on this motion.

AT&T also argues that this case is analogous to *Advanced Tactical Ordnance Systems v. Real Action Paintball*, in which the Seventh Circuit reversed a district court's exercise of personal jurisdiction. 751 F.3d 796 (7th Cir. 2014). But in *Advanced Tactical*, the defendant's contacts were not specifically directed at the forum state, but instead reached the forum state solely because of mass marketing or a generally accessible website. By contrast here, the alleged conduct here was focused on Illinois. Sending communications into Illinois and visiting Illinois are not incidental contacts like those in *Advanced Tactical* and other similar cases cited by AT&T. Other district courts have drawn this distinction in exercising personal jurisdiction. *See, e.g.*, *Cafe Real Estate LLC v. VSP N. Am. LLC*, 262 F. Supp. 3d 637, 640 (N.D. Ill. 2017) (distinguishing *Advanced Tactical* and finding personal jurisdiction based on a series of emails and visits to Illinois).

Therefore, the Court finds that Tekway has established a prima facie basis for personal jurisdiction over AT&T.

## II.     Failure to State a Claim

Tekway had contracts with each employee and a contract to staff those employees with Pinnacle. Tekway claims that AT&T tortiously interfered with those contracts and the prospective advantage and business relationships underlying them.

### A.     Tortious Interference with Contract

To state a claim for tortious interference with contract, a plaintiff must allege that the defendant knowingly induced a third-party to breach a contract with the plaintiff. *See Webb v. Frawley*, 906 F.3d 569, 579 (7th Cir. 2018) (citing *Strosberg v.*

*Brauvin Realty Servs., Inc.*, 691 N.E.2d 834, 845 (Ill. App. Ct. 1st Dist. 1998)). Tekway argues that these contracts were breached when its employees terminated their employment contracts before the terms of the contracts were complete. AT&T points out, however, that the employment contracts and the contracts with Pinnacle were all terminable without cause or at will. *See* R. 13-2 at 3 (Pinnacle contract); R. 13-1 (employment contract). On this basis, AT&T argues that termination of the contracts cannot support a claim for tortious interference of contract. *See* R. 13 at 12 (citing *ATC Healthcare Servs., Inc. v. RCM Techs., Inc.*, 192 F. Supp. 3d 943, 958 (N.D. Ill. 2016)). But AT&T cites only one case in support of its argument and ignores more recent Seventh Circuit authority noting that Illinois law on this issue is murky. *See Webb*, 906 F.3d at 580-81 ("Opinions from this Court interpreting Illinois decisions have not provided a consistent view. Although most of our opinions leave open the possibility that an at-will employee may bring a claim for tortious interference with contract, some of our opinions appear to foreclose that possibility."); *see also Bergholz v. John Marshall Law Sch.*, 2018 WL 5622052, at *9 (N.D. Ill. Oct. 30, 2018) (citing *Webb* and denying a motion to dismiss a claim for tortious interference with an at-will contract due to the lack of clarity in Illinois law). Since it appears that termination of at-will contracts and contracts terminable without cause can sometimes support a tortious interference with contract claim, and neither party has addressed this authority, the Court will not dismiss Tekway's claims for interference with contract without more fulsome briefing on this issue.

8

Tekway also argues that AT&T's conduct was tortious because it caused the employees to violate non-compete provisions in their contracts. AT&T argues that these provisions should be found to be unenforceable for lack of consideration because under Illinois law when continued employment is the only consideration for a non-compete provision, the employee must have been employed for at least two years. *See Axion RMS, Ltd. v. Booth*, 138 N.E.3d 6, 15 (Ill. App. Ct. 1st Dist. 2019) ("[I]t is well-established by this court that a promise of continued employment for an at-will employee is adequate consideration to render a restrictive covenant enforceable, as long as there is at least two years of continued employment following the execution of the restrictive covenant." (citing *Fifield v. Premier Dealer Services, Inc.*, 993 N.E.2d 938, 943 (Ill. App. Ct. 1st Dist. 2013); *Brown & Brown, Inc. v. Mudron*, 887 N.E.2d 437, 440-41 (Ill. App. Ct. 3d Dist. 2008)). Tekway does not materially contest this principle, except with arguments that have been rejected by Illinois courts in the cases cited. *See* R. 18 at 14. Therefore, although the Court permits Tekway's tortious interference with contract claims to proceed, those claims may not be based on breach of the non-compete provisions unless Tekway can replead those claims with allegations that plausibly demonstrate the enforceability of the non-compete provisions.

### B. Tortious Interference with Prospective Advantage or Business Relationship

To state a claim for tortious interference with prospective advantage or business relationship requires, a plaintiff must allege: "(1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the

9

expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damages to the plaintiff resulting from the defendant's interference." *Foster v. Principal Life Ins. Co.*, 806 F.3d 967, 971 (7th Cir. 2015) (citing *Voyles v. Sandia Mortgage Co.*, 751 N.E.2d 1126, 1133 (Ill. 2001)). AT&T argues that this claim must also be dismissed because it is based on the employment and business relationships underlying the relevant contracts. But even courts that have found the termination of at-will or without cause contracts to be an insufficient basis for claims for tortious interference with contracts have held that termination of such contracts can plausibly be a basis for claims for interference with business advantage and relationship. *See Cody*, 409 F.3d at 859 ("Under Illinois law, [a] defendant's inducement of the cancellation of an at-will contract constitutes at most interference with a prospective economic advantage, not interference with contractual relations."). AT&T has not cited any authority that Tekway's expectation that the terms of the contracts would be fulfilled is not a "reasonable expectancy" sufficient to state a claim. And the Court notes that some courts have found that continued employment is a reasonable expectancy. *See*, *e.g.*, *Reyes v. Walker*, 2018 WL 6062320, at *5 (N.D. Ill. Nov. 19, 2018) ("Plaintiff's alleged at will employment. . . creates a reasonable expectation of continued employment.").

Furthermore, whether conduct intended to injure a business relationship is unjustified or wrongful, as is required by the claim's third element, is generally a question of fact requiring discovery. *See XPO Logistics, Inc. v. Gallatin*, 2013 WL

10

3835358, at *6 (N.D. Ill. July 24, 2013). The Court also notes that the reasonableness of an economic expectancy, and the justification for interference with that expectancy, are two sides of the same coin. If an expectancy is reasonable, then it is likely that any interference with that expectancy is not justified. Conversely, if an interfering action is justified, then the expectancy is likely unreasonable. And generally, questions of reasonableness are questions of fact requiring discovery.

## Conclusion

Therefore, AT&T's motion to dismiss [12] is denied in part and granted in part. The motion is denied in all respects except that any claim for tortious interference with contract based on the non-compete provisions is dismissed without prejudice. If Tekway believes it can cure the deficiencies outlined above with respect to these claims, Tekway may file a motion for leave to amend of no more than five pages attaching the amended complaint as an exhibit.

The parties should submit a status report proposing a discovery schedule by March 18, 2021.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: March 10, 2021

11