UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEKWAY INC., | |
| Plaintiff, | No. 20 C 4095 |
| v. | Judge Thomas M. Durkin |
| AT&T SERVICES, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Tekway alleges that AT&T tortiously interfered with certain employment contracts and relationships. AT&T has moved to stay these claims in favor of a lawsuit in Texas state court. R. 28. That motion is continued in accordance with this opinion and order.

**Background**

As the Court recounted in denying AT&T's motion to dismiss, *see* R. 23 (*Tekway Inc. v. AT&T Servs., Inc.*, 2021 WL 916080, at *1 (N.D. Ill. Mar. 10, 2021)), Tekway is a staffing company that has contracted employees to AT&T since the 1990s. R. 1 ¶ 21. Beginning in 2014, Tekway staffed AT&T positions through a third-party called Pinnacle. *Id.* In other words, Tekway no longer has a direct contractual relationship with AT&T, but instead has staffing contracts with Pinnacle, which in turn has contracts providing Tekway employees to AT&T.

According to Tekway, two of its employees staffed with AT&T through Pinnacle became unhappy with their compensation. Tekway alleges that AT&T and Pinnacle

managers helped these two employees find an alternative staffing company that would pay them more but allow them to continue to work with Pinnacle and AT&T.

Tekway alleges further that when it discovered this activity, it terminated its contract with Pinnacle, *see* R. 1 ¶ 48, although Tekway was contractually obligated to continue to permit its employees already staffed with AT&T and Pinnacle to complete the terms of their staffing contracts. According to Tekway, AT&T and Pinnacle continued to attempt to convince these remaining employees to leave Tekway by threatening them with loss of their AT&T assignments if they did not. *See* R. 1 ¶ 50. These actions allegedly caused two additional Tekway employees to leave their employment. *Id.* ¶ 53. Tekway brings claims in this case against AT&T for tortious interference with contract and tortious interference with prospective advantage and business relationships based on AT&T's alleged disruption of Tekway's employment relationships with the four employees.

Before Tekway filed this case, Pinnacle sued Tekway in Texas state court seeking a declaratory judgment that it properly terminated its contract with Tekway for cause, which also served to release the employees Tekway contracted to Pinnacle from their contracts with Tekway. In the Texas case, Pinnacle alleges that Tekway employees told Pinnacle that Tekway's manager, Pavan Kumar Nallamala, was treating them in an abusive manner—including by threating deportation and requiring that they perform unpaid work at his house. *See* R. 30 at 18 (¶¶ 8-10). Pinnacle alleges that Kumar Nallamala learned of these communications by accessing the employees' emails and became upset. *Id.* at 18 (¶¶ 11-12). When two

2

Tekway employees eventually resigned from Tekway, giving two weeks' notice, Kumar Nallamala immediately terminated their employment with Tekway and purported to terminate Tekway's contract with Pinnacle, actions which Pinnacle alleges were in violation of the Tekway-Pinnacle contract. *Id.* at 19 (¶ 13). In response, on August 28, 2019, Pinnacle demanded that Tekway provided certain audits required by the contract. *Id.* (¶ 14). When Tekway failed to provide the audits, Pinnacle terminated the Tekway-Pinnacle contract "for cause," since failure to comply with an audit request constitutes "cause" under that agreement. *See* R. 28-1 at 8 (¶ 14).

The Texas case also includes counterclaims by Tekway against Pinnacle. *See* R. 30 at 45-51. In claims for breach of contract and tortious interference with contract, Tekway alleges that Pinnacle induced Tekway employees to resign, *see id.* at 45 (¶ 42), and acted in bad faith by breaching its contract with Tekway, *see id.* at 49 (¶ 57).

**Analysis**

AT&T argues that that the Court should exercise its "inherent authority" to stay this case until the Texas case is resolved because a decision in that case will resolve the claims in this case. *See* R. 28 at 1. AT&T contends that if Pinnacle prevails in the Texas case, AT&T cannot be liable for tortious interference with contract or tortious interference with business relationships. More specifically, AT&T argues that if Pinnacle did not breach the contracts, AT&T could not have tortiously interfered with them or the business relationships they memorialize, since an element of both claims is breach of the relevant contract or business relationship. *See*

3

*Webb v. Frawley*, 906 F.3d 569, 579 (7th Cir. 2018); *Foster v. Principal Life Ins. Co.*, 806 F.3d 967, 971 (7th Cir. 2015).

In opposition, Tekway first argues that the proper standard for analyzing this motion to stay is not found in cases setting forth the Court's inherent power generally, but is the standard for addressing parallel federal and state cases found in *Colorado River Water Construction District v. United States*, 424 U.S. 800 (1976). AT&T counters that the Court is not required to follow *Colorado River* in exercising its inherent power. *See* R. 31 at 1-2 (citing *Karol v. Old Second Nat'l Bank*, 2020 WL 6343088, at *6 (N.D. Ill. Oct. 29, 2020)). But the Supreme Court and the Seventh Circuit addressed this argument many years ago in the wake of *Colorado River*. *See Calvert Fire Ins. Co. v. Will*, 560 F.2d 792 (7th Cir. 1977), *rev'd*, *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655 (1978), *on remand*, *Calvert Fire Ins. Co. v. Will*, 586 F.2d 12 (7th Cir. 1978). While these decisions were the products of divided courts, the upshot was that the proper way for a district court to exercise its inherent power to stay a federal case in the face of a potentially parallel state case is by following the *Colorado River* factors. *See Calvert Fire*, 586 F.2d at 14 ("[I]t follows logically that [five] Justices would . . . require the district court to determine whether its earlier deferral to concurrent state proceedings is now correct [according to *Colorado River*]."). So that is what this Court will do here.

Under *Colorado River*, the Court must first "determine whether the state and federal court actions are parallel." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014). Suits are parallel if substantially the same parties are

4

litigating substantially the same issues. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011). "Suits need not be identical to be parallel, and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001). "In essence, the question is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. Any doubt regarding the parallel nature of the [state] suit should be resolved in favor of exercising jurisdiction." *Adkins*, 644 F.3d at 499. Indeed, application of the *Colorado River* doctrine must be done according to the principle that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817.

AT&T is not a party to the Texas case, but the counterclaims Tekway brings against Pinnacle in Texas are materially similar to the claims it brings against AT&T here. In both cases, Tekway alleges that Pinnacle and/or AT&T induced Tekway employees to breach their contracts and that Pinnacle's breach of its contract was in bad faith, presumably in part at the behest of AT&T.

The Texas court will decide whether Pinnacle acted in bad faith in terminating its Tekway contract. Pinnacle seeks a declaratory judgment that it properly terminated its contract with Tekway. And Tekway alleges that Tekway's termination was in bad faith. If the Texas court finds that Pinnacle acted in good faith by requesting the audit or otherwise terminating its contract, there will be no breach of

5

a contract or business relationship for which AT&T could be liable with respect to Pinnacle's contract with Tekway.

The Texas court will also decide whether Pinnacle induced the Tekway employees to breach their contracts. Tekway makes this allegation in support of its counterclaims. Thus, whether the employees were induced to resign is at issue in both this case and the Texas case. The Texas court could find that Pinnacle did not induce the employees' resignations, without a finding that precludes AT&T's interference in those relationships, leaving room for this court to make findings about AT&T's actions. But that is unlikely considering the close connection between Tekway's allegations against Pinnacle and AT&T. Therefore, the Court finds that this case is parallel to the Texas case.

According to *Colorado River*, if a state case is parallel to the federal case, the Court must next determine whether "exceptional circumstances" exist to make a stay appropriate. *See Freed*, 756 F.3d at 1018. The factors relevant to that inquiry consider "giving regard to conservation of judicial resources and comprehensive disposition of litigation," *Colorado River*, 424 U.S. at 817, including the "relative progress of the proceedings." *Freed*, 756 F.3d at 1018.

When this motion was filed, the Texas case was set to go to trial on April 20, 2021. *See* R. 28 at 3. A review of the Texas court's docket reveals that the trial has been postponed until February 2022. *See Pinnacle Tech. Resources Inc. v. Tekway Inc.*, No. DC-19-14497 (193d Judicial Dist. Ct. Dallas Cnty. Apr. 6, 2021) (available

6

at https://courtsportal.dallascounty.org/DALLASPROD and appended hereto).[1] The Court is loath to have the parties in this case sit idly by for another eight months at least if there is a chance that by pursuing proceedings in this case the parties could resolve their dispute. Accordingly, the parties should file status reports of no more than five pages each setting forth their positions as to what discovery is necessary in this case, what portion of that discovery has already been taken in Texas, and the likelihood that the parties could brief summary judgment before a trial occurs in the Texas case.

## Conclusion

Therefore, AT&T's motion to stay [28] is continued. The status reports described above are due June 15, 2021.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 8, 2021

---

[1] Neither Tekway nor AT&T informed the Court about the change in the progress of the Texas case.

7

IN THE DISTRICT COURT
OF DALLAS COUNTY
193RD JUDICIAL DISTRICT

April 06, 2021

J SEAN LEMOINE
WICK PHILIPS GOULD & MARTIN LLP
3131 MCKINNEY AVE STE 500
DALLAS TX  75204

In Re: Cause No. DC-19-14497
PINNACLE TECHNICAL RESOURCES INC  vs.  TEKWAY INC

**ALL COUNSEL OF RECORD**:  Counsel for Plaintiff is required to notify all parties of new trial setting.

Please take note of the following settings:  *[The trial date in this notice supersedes all others. However, the deadlines in the previous Scheduling Order control, i.e. just because the trial date may have changed this fact alone does not change deadlines, as per the Court's Initial Scheduling Order.]*

**\*ALL PARTIES CALLED TO TRIAL MUST APPEAR, UNLESS OTHERWISE INSTRUCTED BY THE COURT ADMINISTRATOR.** Also parties are instructed to mark, exchange and discuss any exhibits to be admitted

Non-Jury Trial:    February 22, 2022  @ 9:30 a.m.

Trial announcements must be made in accordance with Rule 3.02, Dallas Civil Court Rules.

When no announcement is made for **Plaintiff**, or the Plaintiff fails to appear, the Court intends to dismiss this case for want of prosecution, under T.R.C.P. 165a and IN THE EXERCISE OF THE COURT'S DISCRETION PURSUANT TO ITS INHERENT POWER TO DISMISS CASES NOT DILIGENTLY PROSECUTED, and will hold a hearing at the time of trial on dismissing this case for want of prosecution .

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Dallas Civil Court Rules. Copies may be obtained through the Dallas County District Clerks Office.

*Parties are to announce the Thursday and Friday until 10:00 a.m. the week prior to trial, ready/not ready for trial, length of time for trial, and the number of witnesses you anticipate calling.*

For those cases with a Modified Uniform Scheduling Order in place, please note that nothing is affected by this notice except the date of trial. The Court still expects counsel to follow the schedule set forth in the scheduling order. To announce for trial call  (214) 653-6998

Sincerely,

193rd Judicial District Court