**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TEKWAY, INC., | Case No. 20 CV 04095 |
| Plaintiff, | |
| v. | Honorable Sunil R. Harjani |
| AT&T SERVICES, INC., | |
| Defendant. | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Tekway, Inc., a subcontractor for Defendant AT&T Services, Inc., assigned four consultants to AT&T to perform information technology services. AT&T's contractor, Pinnacle Technical Resources, Inc., handled the details of the consultants' work, but Tekway signed their checks. When two of the consultants felt mistreated by Tekway, they reached out to AT&T and then to Pinnacle to discuss leaving Tekway while retaining their AT&T work. Eventually, Tekway became aware of AT&T's and Pinnacle's communications with its consultants, and the consultants' time at Tekway ended. From there, the business relationship between Tekway and Pinnacle soured. Pinnacle informed the remaining two consultants that they had to leave Tekway to continue working on their AT&T assignments, and they promptly chose to do so. These events spurred several lawsuits over the next seven years among Tekway, Pinnacle, AT&T, and the consultants.

In this action, Tekway sues AT&T for tortious interference and civil conspiracy. After the resolution of a Texas state court action between Tekway and Pinnacle, Tekway voluntarily dismissed most of its claims against AT&T in this case. However, it still claims that AT&T tortiously interfered with its prospective economic advantage in its employment relationship with its consultants (Count 9) and that AT&T conspired with Pinnacle and others to carry out that tortious interference (Count 10). AT&T now moves for summary judgment claiming that Tekway did not have a reasonable expectation in continuing those relationships and thus there was nothing to interfere with. The record indicates that the consultants did not wish to remain at Tekway, and Tekway offers no competing evidence to create a genuine issue of material fact. So, Tekway cannot satisfy the first element for tortious interference, and both its tortious interference and derivative conspiracy claims fail as a matter of law. For this reason, the Court grants summary judgment to AT&T on Counts 9 and 10.

### Background

Before turning to the record evidence here, the Court must address the parties' Local Rule 56.1 statements of facts and responses. These filings are intended to assist the Court in identifying and isolating the disputed facts from the undisputed facts so it can better assess whether a claim should proceed to trial. *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020). The Court may disregard any legal arguments or unsupported assertions made in a party's statement of fact. L.R. 56.1(d)(2), (4); *Judson Atkinson Candies, Inc. v. Latini-Hohberger*

*Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008). A responding party must either admit the fact, deny the fact with citation to evidence supporting its denial, or object to the statement of fact on the basis that it relies upon inadmissible evidence. L.R. 56.1(e)(2); *see Jones v. City of Chicago*, 673 F.Supp.3d 926, 936–37 (N.D. Ill. 2023). If the responding party fails to address a fact properly, the Court may consider the fact undisputed for purposes of the motion. *Jewel Sanitary Napkins, LLC v. Busy Beaver Publ'ns, LLC*, 2026 WL 1677990, at \*5 (7th Cir. June 10, 2026) (citing Fed. R. Civ. P. 56(e)(2)).

In their fact statements, both parties present findings of fact from the Texas case, and they each also object that the trial court's findings of fact and conclusions of law order are not proper authority to support a fact on a motion for summary judgment. They are both right. The Seventh Circuit has recognized that findings of fact from other courts are generally not admissible under Federal Rule of Evidence 201(b) for the truth asserted therein "because these findings are disputable and usually are disputed." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1082 n.6 (7th Cir. 1997); *see Daniel v. Cook County*, 833 F.3d 728, 742–43 (7th Cir. 2016) (approving the district court's exclusion of facts from an agreed order entered for a separate lawsuit). So, where the parties object under Rule 201(b), the objection will be sustained and the underlying finding of fact from the Texas case will not be considered. But, where the parties admit that a fact is undisputed, as AT&T frequently does and Tekway does several times, there is no similar admissibility concern and those facts are considered.

As a result, the following facts are undisputed unless otherwise noted.[1] Tekway is an information technology (IT) staffing firm that serves as a subcontractor to larger IT staffing firms. PRDSOF ¶ 6. It entered into a subcontract with Pinnacle to provide IT services to AT&T. *Id.* ¶¶ 8–12. The subcontract did not guarantee the number of hours for Tekway's consultants, whether the services would be needed, or that the hours would remain constant. *Id.* ¶ 13. Rather, Tekway consultants entered into separate agreements with Pinnacle to govern the terms of their assignments. *Id.* ¶ 14. Those agreements were separate from their Tekway employment agreements, which required an initial twelve-month term before either party could terminate upon two weeks' notice. *Id.* ¶ 21–22.

Gopi Potla and Sandeep Davuluri were two Tekway consultants assigned to work for AT&T. DRPSOAF ¶¶ 21, 30, 35.[2] In June 2019, Potla asked an AT&T manager whether he could change vendors while continuing to work at AT&T and stated that he felt mistreated by his employer. *Id.* ¶ 12. Davuluri was present during Potla's discussion with the manager and appeared to agree with Potla's concerns. *Id.* ¶ 13. The AT&T manager did not contact Tekway to inform it that its consultants were seeking to change employers. *Id.* ¶ 16. However, she contacted a Pinnacle manager to ask about the process for changing employers while remaining on AT&T assignments. *Id.* ¶ 17; PRDSOF ¶ 37. Under AT&T's rules and practices, Pinnacle and AT&T managers were not supposed to communicate directly about contractor employment matters, so Davuluri and Potla

---

[1] The Court cites to Plaintiff's response to Defendant's statement of facts as "PRDSOF" and Defendant's response to Plaintiff's statement of additional facts as "DRPSOAF."

[2] AT&T makes a partial dispute to Tekway's assertion that Tekway paid Potla's and Davuluri's wages because, according to AT&T, the consultants were not paid for all the hours that they worked. The Court notes the dispute but does not resolve it, as it is irrelevant to the Court's analysis.

began communicating with Pinnacle about the transfer process. DRPSOAF ¶¶ 28, 31, 34; PRDSOF ¶ 38. Potla and Davuluri eventually left Tekway while actively assigned to AT&T under existing purchase orders for services. DRPSOAF ¶ 36.

Tekway also employed Kruthika Agarwal and Vishal Burra as consultants to AT&T. PRDSOF ¶ 20. At some time unclear from the record, but while they were assigned to AT&T, Pinnacle's senior vice president informed Agarwal and Burra that they needed to leave Tekway for another employer if they wished to continue their work with AT&T. *Id.* ¶ 42. The senior vice president made clear to Agarwal and Burra that the decision about whether to stay with Tekway was theirs to make. *Id.* Both Agarwal and Burra chose to transfer employers.[3] *Id.* ¶ 43.

The departure of Potla and Davuluri led to a breakdown of the relationship between Tekway and Pinnacle, resulting in a lawsuit in Texas state court. *See* PRDSOF ¶ 4. The Texas litigation proceeded through a bench trial and resulted in judgment for Pinnacle. *See id.*; [145-4]. The Texas appellate court reversed certain declaratory relief for Pinnacle and otherwise affirmed the judgment for Pinnacle. *See* DRPSOAF ¶ 8; [158-2]. The Texas Supreme Court denied Tekway's petition for review. PRDSOF ¶ 5;[4] *see* [145-14].

While the Texas suit was underway, Tekway initiated this federal action against AT&T for tortious interference with its agreements with Pinnacle and employment contracts with Potla, Davuluri, Agarwal, and Burra; tortious interference with prospective economic advantage in its former consultants' continued employment; and civil conspiracy. When the case reached the summary judgment stage, Tekway moved for a stay pending appeal of the Texas court's judgment, arguing that unresolved issues about indemnification clauses among Tekway, Pinnacle, and AT&T remained. [95]. The prior district judge granted the unopposed motion and stayed the case. [102]. After the Texas litigation was finally resolved, Tekway returned to this federal action against AT&T. The parties stipulated to a dismissal of Tekway's first eight claims for tortious interference with its agreements with Pinnacle and employment contracts with Potla, Davuluri, Agarwal, and Burra, and those claims were dismissed with prejudice. [138], [139]. What remains are Tekway's claims against AT&T for tortious interference with its prospective economic advantage and for conspiracy to commit tortious interference.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then, the nonmoving party "must do more than simply show that there

---

[3] Tekway objects to the fact that Burra left Tekway and joined Pinnacle because the cited lines of deposition testimony only discuss Agarwal's decision to leave. Even so, what matters for purposes of this motion is that Burra "abandoned [his] employment with Tekway," which Tekway alleges in its complaint. [1] ¶¶ 53. Because "[a]n allegation in a complaint is a judicial admission that can be used against the plaintiff," the Court finds it undisputed that Burra left Tekway. *Moran v. Calumet City*, 54 F.4th 483, 494 (7th Cir. 2022).

[4] Tekway only disputes this fact to the extent that it explains the outcome of the appellate court's decision.

3

is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," summary judgment must be granted for the moving party. *Celotex*, 477 U.S. at 322. In determining whether there is a genuine issue of material fact precluding summary judgment, the Court construes all facts and makes all reasonable inferences in the nonmoving party's favor. *Metzler v. Loyola Univ. Chi.*, 164 F.4th 612, 616 (7th Cir. 2026).

## Discussion

AT&T moves for summary judgment asserting that no reasonable jury could find in Tekway's favor based on the evidence. AT&T also asserts that the Texas litigation resolved all matters arising from these events, thereby precluding Tekway's claims. Because the Court can decide this case on its merits, the Court need not reach the preclusion issue.

### I.    Tortious Interference

Beginning with the claim for tortious interference with prospective economic advantage, AT&T argues that Tekway's claim fails as a matter of law because the former employees did not wish to continue their at-will employment.[5] Tekway rebuts that the record supports its reasonable expectation of continued employment because its former employees were paid and under active purchase orders at AT&T.

Illinois law requires the plaintiff to prove "(1) the plaintiff's reasonable expectation of a future business relationship; (2) the defendant's knowledge of that expectation; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectations from ripening; and (4) damages." *Ali v. Shaw*, 481 F.3d 942, 944 (7th Cir. 2007) (citing *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 877–78 (Ill. 1991)). For an at-will employment relationship, the first element turns on whether both parties to the at-will contract were "willing and desiring to continue the employment under that contract for an indefinite period." *Fellhauer*, 568 N.E.2d at 878 (citation omitted); *see Cashman v. Shinn*, 441 N.E.2d 940, 944 (Ill. App. Ct. 1982) (both parties "must be willing and desirous of continuing it for the action to lie when the contract is at-will"). Here, the relevant question is whether the evidence shows that Potla, Davuluri, Agarwal, and Burra desired to remain at Tekway. The answer lies with the undisputed evidence about the consultants' actions leading up to their departures.

### A.    Potla and Davuluri

Starting with Potla and Davuluri, AT&T argues that Tekway did not have a reasonable expectation that Potla and Davuluri wanted to continue their employment because the consultants

---

[5] The record shows that Tekway's former employees signed contracts requiring an initial twelve-month term before allowing termination at will, but the admitted facts do not establish when they resigned or were terminated. AT&T states that Agrawal and Burra resigned after twelve months with Tekway. Tekway does not respond to this. In any event, both parties address them as at-will employees without dispute, so the Court will do so as well.

contacted Pinnacle, on their own initiative, about their mistreatment and wanted to leave Tekway. PRDSOF ¶ 36. Tekway does not dispute this version of events.

An instructive case for this situation is *Foster v. Principal Life Insurance Co.*, 782 F. App'x 477 (7th Cir. 2019). There, the plaintiff served as legal counsel for a company's retirement plan committees. *Id.* at 478. Near the end of his employment for the committees, the plaintiff started battling with the company over plan contribution amounts. *Id.* The discord escalated to the point where the company tried to fire the plaintiff, but it could not because that authority rested with the committees. *Id.* However, the committees ordered their paying agent to freeze the plaintiff's payments until the end of the dispute, which was not resolved until the plaintiff resigned. *Id.* at 478–79. After resigning, the plaintiff sued the paying agent for tortious interference with his prospective economic advantage, alleging that the payment delays compelled his early retirement. *Id.* The district court granted summary judgment to the paying agent, and the Seventh Circuit affirmed. *Id.* at 479–81. The appellate court held that the plaintiff had no reasonable expectation of continued employment because his employer did not convey a willingness to continue the relationship. *Id.* at 480. The committee members were appointed by the company that tried to fire him, so the committees were against him before the paying agent became involved. *Id.* This foreclosed the possibility that both parties wanted to continue the employment relationship. *Id.*

In like manner, it is undisputed that Potla and Davuluri sought to end their relationship with Tekway before AT&T entered the picture. This means that one half of the employment relationship did not want to sustain it, so "there was no expectation of continued employment left for [AT&T] to obstruct." *Id.* Tekway's assertions that Potla and Davuluri were employed, paid, and working only show that they had jobs, not that they wanted to keep them. Tekway offers no competing evidence about their satisfaction, work history, or interest in staying at Tekway that creates a factual dispute about Potla's and Davuluri's desires for their continued employment. Indeed, it is undisputed that they believed they were mistreated at Tekway, which negates any inference of a continued expectation.

### B.    Agarwal and Burra

Along similar lines, AT&T argues that there is no dispute about Agarwal's and Burra's desire to end their employment relationships because, when they were presented with a choice to leave Tekway, they took it. PRDSOF ¶¶ 42–43. Because AT&T provided citations to the record and evidence that there is no genuine issue of material fact on the first element, the burden shifts to Tekway to "come forward with some specific facts showing that there is a *genuine issue for trial*." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013) (quoting *Matsushita*, 475 U.S. at 587); *see, e.g.*, *Bus. Sys. Eng'g, Inc. v. Int'l Bus. Machs. Corp.*, 520 F. Supp. 2d 1012, 1022 (N.D. Ill. 2007) (granting the defendant's motion for summary judgment where the plaintiff presented no specific facts showing a genuine issue of fact about its tortious-interference claim).

Tekway submits two facts that it is the employer of record for its consultants placed at AT&T through Pinnacle that, when read in Tekway's favor, are broad enough to conclude that it employed Agarwal and Burra. *See* DRPSOAF ¶¶ 21, 30. Aside from these background facts, Tekway offers *no* other facts or evidence about Agarwal and Burra. It does *not* mention them by name even once in its Plaintiff's statement of additional facts. And Tekway mentions them only twice in its brief. The first time is in an argument about issue preclusion, which is irrelevant here.

The second time, Tekway asserts that Agarwal's and Burra's decision to leave still allows the possibility that AT&T's actions undermined its expectations of continued employment by its workers. But that is a conclusory argument, not relevant here, and Tekway still does not cite to any record evidence of any expectation of continued employment.[6] In other words, Tekway essentially does nothing to create a dispute of fact.

Other courts have found a dispute of fact about a plaintiff's reasonable expectation only where the plaintiff offered supporting evidence. For example, in *Grako v. Bill Walsh Chevrolet-Cadillac, Inc.*, 229 N.E.3d 869 (Ill. App. Ct. 2023), the plaintiff alleged that the defendant unduly influenced her boss to fire her. *Id.* at 872. The record contained testimony indicating that before the defendant's actions, there was no scheduled meeting to discuss her job performance. *Id.* at 876–77. This evidence allowed the court to presume that her at-will employment would continue but for the alleged tortious interference, which created a triable issue of fact that survived summary judgment. *Id.* Similarly, in *Dowd & Dowd, Ltd. v. Gleason*, 2001 WL 35834889 (Ill. Cir. Ct. Mar. 12, 2001), the trial court held a bench trial and found that the plaintiff firm had a reasonable expectation in its continued relationship with a client based on the fifteen years of service provided before the client left for the defendants' new firm. *Id.* at *12. No evidence from the defendants rebutted the presumption that the longstanding relationship was reasonably expected to last, and the appellate court affirmed. *Id.*; *Dowd & Dowd, Ltd. v. Gleason*, 816 N.E.2d 754, 767–69 (Ill. App. Ct. 2004); *see also, e.g.*, *ATC Healthcare Servs., Inc. v. RCM Techs., Inc.*, 192 F. Supp. 3d 943, 956 (N.D. Ill. 2016) (finding a sufficiently alleged reasonable expectation where the at-will employees worked for the plaintiff employer for many years); *Hegy v. Cmty. Counseling Ctr. of Fox Valley*, 158 F. Supp. 2d 892, 897 (N.D. Ill. 2001) (same). A sufficient showing was also made at the pleading stage in *Maximum Independent Brokerage, LLC v. Smith*, 218 F. Supp. 3d 630 (N.D. Ill. 2016), where the plaintiff employer alleged that it invested significant resources into its at-will employees and entrusted them with considerable confidential information, which provided grounds for a reasonable expectation of ongoing employment. *Id.* at 641–42.

In contrast to these cases, Tekway presents no facts about Agarwal and Burra from which a reasonable jury could infer that they desired to continue their employment. Tekway does not provide evidence of Agarwal's and Burra's experiences with, or good standing in, the company, as the plaintiff in *Grako* did, or of the value they provide to Tekway as employees, as in *Maximum Independent Brokerage*. There are no record citations to any evidence about these two Tekway consultants. Nor do the undisputed facts demonstrate a longstanding relationship that would presumptively continue absent the purported interference from AT&T, which was the case in *Dowd & Dowd*.[7] Rather, the record contains no information about their employment other than its existence.

---

[6] Tekway cites *Botvinick v. Rush University Medical Center*, 574 F.3d 414, 717–18 (7th Cir. 2009), but that case only discusses the third element of purposeful interference. It also cites *Webb v. Frawley*, 392 F.3d 815, 819 (7th Cir. 2004), for the proposition that a reasonable probability of continued employment absent any interference is ordinarily a fact question. However, that case does not exist, and the real *Webb v. Frawley* case at 906 F.3d 569 (7th Cir. 2018) does not mention this proposition.

[7] Defendant's proffered fact that Tekway terminated Agarwal and Burra after their initial twelve-month terms but before two years of employment is excluded due to Tekway's objection. PRDSOF ¶ 33. Even if

Furthermore, viewing the evidence in the light most favorable for Tekway, the facts allow an inference that Agarwal and Burra were on AT&T assignments when they left. *See* PRDSOF ¶¶ 42–43. As with the other consultants, this only proves that Agarwal and Burra had jobs and not that they wanted to keep them. Those assignments were precarious—it is undisputed that Tekway's contract with Pinnacle did not guarantee any minimum number of hours of work for Tekway's consultants, if or when the services would be needed, or that the hours would remain constant. *Id.* ¶¶ 13. Even though the purchase orders for services included end dates, those represented maximum dates and allowed for earlier cancellation. DRPSOAF ¶¶ 7, 9. Further, Tekway's employees entered into separate agreements with Pinnacle that governed the terms of their assignments. PRDSOF ¶ 14. On this record, all the Court knows is that the moment Pinnacle (and not AT&T) offered them a choice to stay with Tekway or move, they chose to jump ship—which seems to undermine the claimed reasonable expectation. Consequently, a reasonable jury could not find that Agarwal's and Burra's work for AT&T, which was determined directly by Pinnacle and provided no guarantees about the duration of services, endorsed an expectation that Agarwal and Burra would continue their employment with Tekway because of those assignments.

Tekway's failure to offer any facts about Agarwal and Burra is dispositive. *See Foster*, 782 F. App'x at 480 (affirming grant of summary judgment for defendant because the plaintiff "must furnish evidence of all four elements to succeed on his intentional-interference claim" and failed to do so). "Summary judgment is the 'put up or shut up' time in litigation." *Brown v. CACH, LLC*, 94 F.4th 665, 667 (7th Cir. 2024). Because no evidence on this record could establish the first element of Tekway's tortious-interference claim, there is no genuine issue of material fact precluding summary judgment.

## II.     Civil Conspiracy

Tekway's last claim is for civil conspiracy. It contends that the conduct underlying its tortious-interference claim can satisfy the overt act element of conspiracy, so long as the evidence justifies an inference of concerted action. Illinois law governs Tekway's claim, and a civil conspiracy "requires an underlying tort in furtherance of the conspiracy." *540 N. Lake Shore Drive Condo. Ass'n v. MCZ Dev. Corp.*, 266 N.E.3d 1193, 1206–07 (Ill. App. Ct. 2025) (affirming dismissal of the civil-conspiracy claim after affirming dismissal of the predicate tort claims); *see Merrilees v. Merrilees*, 998 N.E.2d 147, 163 (Ill. App. Ct. 2013) ("[W]here the trial court dismissed plaintiff's counts based on fraudulent inducement, it necessarily had to dismiss her conspiracy count based on that alleged fraudulent activity."). Because the Court grants summary judgment for AT&T on the tortious-interference claim, there is no remaining tort to prop up the conspiracy claim.[8] Accordingly, summary judgment is granted on both counts. Having resolved the motion on

---

the fact was admitted, the record does not show how long Agarwal and Burra stayed beyond their initial terms to infer that they desired to stay longer than required.

[8] Although Tekway's conspiracy claim also relied on its tortious-interference-with-contract claims originally, those claims were dismissed with prejudice and unavailable to satisfy the legal requirement. Regardless, there can be no tortious interference with contract in an at-will contract. *Alarm Detection Sys., Inc. v. Village of Schaumburg*, 145 F.4th 675, 680 (7th Cir. 2025); *Cody v. Harris*, 408 F.3d 853, 859 (7th Cir. 2005).

the record evidence, the Court need not reach AT&T's arguments on claim and issue preclusion. *Cf. Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (observing that preclusion is an affirmative defense and not a jurisdictional matter); *Sapp v. Fox*, 106 F.4th 660, 664 (7th Cir. 2024) (explaining that claim and issue preclusion are affirmative defenses).

### III.  Motion for Fees and Costs

As a final matter, the Court addresses AT&T's request for attorneys' fees and costs. AT&T seeks them as sanctions under Federal Rule of Civil Procedure 11 "for having to continue to litigate this matter since July 2022, when the Texas court found against Tekway on the claims and issues in this case." [144] at 13; *see also* [162] at 9–10. Sanctions under Rule 11 are warranted if filings are made "with improper motives or without adequate investigation." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 721 (7th Cir. 2002). "The rule is principally designed to prevent baseless filings." *Id.* Because the Court has resolved the motion on the merits without reaching the preclusion defenses, it has not determined that the Texas judgment barred Tekway's claims. As a result, the Court declines to reach the issue of whether Tekway pursued this suit for the improper motive of relitigating decided issues or without properly investigating the preclusive effects of the Texas judgment on AT&T as a non-party. Therefore, AT&T's request for sanctions is denied.

### Conclusion

For the reasons stated above, AT&T's motion for attorneys' fees and costs [143] is denied, and its motion for summary judgment [143] is granted. The record shows that Tekway's consultants sought to leave, and Tekway offers no competing evidence to support a reasonable expectation of their continued employment. Consequently, there is no genuine issue of material fact on the first element of tortious interference with prospective economic advantage, so Tekway's claim fails as a matter of law. Its derivative claim of civil conspiracy also cannot stand. Accordingly, judgment shall be entered in favor of AT&T and against Tekway.

**SO ORDERED.**

Dated: July 14, 2026

Sunil R. Harjani
United States District Judge